Seymour agt. Wilson and Grimwood.

———⋖⊙⊙⊙⊱———

## COURT OF APPEALS.

WILLIAM T. SEYMOUR, Receiver, &c. agt. BENJAMIN WILSON and JOSEPH C. GRIMWOOD.

An assignor who is called as a witness to prove facts tending to show his act fraudulent as against creditors, on the *cross-examination*, may be asked, whether in making that assignment he had any *intent* to defraud his creditors. A *receiver* appointed in proceedings supplementary to execution, may contest the validity of any transfers of the judgment debtor, with the same effect as if the suit was brought in the name of the creditor. (*Overrules this same case*, 16 *Barbour*, 294. *This last question was decided in the same way in the court of appeals in Porter* agt. *Clark*, 12 *How*. 107.)

*December Term*, 1856.

THIS action was referred to the Hon. George G. Scott, as sole referee, to hear and determine the same.

The facts are taken from the report of the case in 16 *Barb.* 294, and are as follows: " Conrad Cramer, on the 15th of March, 1850, recovered a judgment in this court against Ansel C. Durkee, for $67.12, damages and costs, upon a debt contracted the 1st of April, 1849. The summons was served on the 22d day of February, 1850, in the afternoon. An execution was issued upon this judgment to the sheriff of Washington county, where Durkee resided, and was returned wholly unsatisfied. Cramer thereupon instituted proceedings against Durkee under title nine, chapter two of the Code, and the plaintiff was appointed receiver of his effects. In the forenoon of the 22d of February, 1850, Durkee assigned to the defendants the three first instalments of $200 each, and the interest thereon to grow due on a mortgage bearing date October 15th, 1849, made by his brother Calvin Durkee and

his wife to him, upon a lot of thirteen acres in the town of
Fort Edward, and given to secure the payment of $1,000 and
interest. There was then a prior outstanding mortgage of
$400, upon the undivided half of the premises, executed by
Calvin Durkee. The whole premises, according to the testi-
mony, were worth not less than $800 and not to exceed
$1,000. Calvin was insolvent at the time of this transfer,
and had been so ever since; and after assigning the instal-
ments upon his mortgage, owned no other property, and was
considerably in debt. Calvin, at this time, owed the defend-
ants $300, and Sheldons & Wood upwards of $300. The
defendants agreed to appropriate the avails of the mortgage
equally to the payment of their debt, and the debt of Sheldons
& Wood. The defendants had previously caused to be sold
on a judgment given to secure their debt, the aforesaid lot of
land. They purchased it on the 7th of February, 1850, and
obtained the sheriff's certificate of sale. This certificate was
assigned by them to Ansel, when he assigned to them the in-
stalments upon his mortgage. There was no other consider-
ation for that assignment moving between Ansel and the
defendants. There was no consideration but brotherly affec-
tion moving between Ansel and Calvin for the assignment of
the mortgage. And there was no consideration whatever
moving as between Ansel and Sheldons & Wood. Before
this suit was commenced, the plaintiff applied to the defend-
ants to be allowed the amount of his debt out of the mortgage.
They refused to allow it. In his complaint, the plaintiff
asked that the assignment of the instalments on the mort-
gage be declared void as against him, and that the mortgage
and bond be assigned to him, or that the defendants be di-
rected to pay the amount of the judgment, and the costs of
the supplementary proceedings, with the costs of this suit.
The answer denied all knowledge of the judgment, the sup-
plementary proceedings, and of the appointment of the plain-
tiff as receiver; but admitted the assignment of the bond and
mortgage, with the allegation that it was executed to the de-
fendants for a valuable consideration, and by them received

Seymour agt. Wilson and Grimwood.

in good faith, and without any intent on their part, or as they believed, on the part of Durkee, to defraud his creditors, and without any knowledge on their part that he had any creditors, and denying certain averments of the complaint, as to the value of the mortgaged premises, &c. The reply denied the averments of the answer."

Judges WILLARD and ALLEN were for affirming that judgment. Judge CADY concurred with WILLARD and ALLEN, Justices, upon the merits, that the assignment was fraudulent and void as against the creditors of Ansel C. Durkee, but he concurred with Justice HAND, that the *receiver* could not question the assignment. The judges being equally divided upon that point, the case could not be decided in the fourth district until Judge WILLARD went into the court of appeals.

Thereupon the first judgment was reversed, and a new trial ordered before the same referee. (*See* 16 *Barb.* 294.)

Before the second trial, the court of appeals unanimously decided, *in the case of Porter* agt. *Clark*, (12 *How.* 107,) that a receiver could contest such assignments.

Upon the second trial before the referee, the plaintiff called Ansel C. Durkee, the judgment debtor, and proved by him certain facts tending to show the said assignment fraudulent.

Upon the *cross-examination* the defendants' counsel put the following question : " In making that assignment to Wilson & Grimwood, did you *intend* to defraud Conrad Cramer or any other creditor of yours ?" To this question, the plaintiff's counsel objected, on the ground that the witness had no right to swear to his intentions ; that he must state only facts, leaving the referee to pass upon the question of intention. The referee sustained the objection, the question was excluded, and the counsel for the defendants excepted to the decision.

The referee again reported in favor of the plaintiff, but found, as a fact, " that there was no actual knowledge by the defendants of Ansel C. Durkee's fraudulent intent," and from that judgment the defendants appealed to the general term.

At the general term Justices JAMES, ALLEN and CADY affirmed the judgment, and Justice HAND dissented.

The defendants appealed to the court of appeals, where the case was argued in September, 1856, by

N. HILL, JR., *for appellants.*

E. F. BULLARD, *for the respondent.*

1856, December 25, judgment reversed, and a new trial granted, on the ground that the referee erred in excluding the question to the witness Ansel C. Durkee. All the judges concurred in this except MITCHELL and COMSTOCK, who thought the ruling of the referee upon that point was right.

MITCHELL, J., however, was for reversal upon the merits, and wrote an opinion to that effect.

Upon the merits no five judges agreed. The cause was thereupon referred to the Hon. Reuben H. Walworth as sole referee for a third trial.

NOTE.—General Bullard, attorney and counsel for one of the parties in this case, having had a long and somewhat interesting fight in it, (which is not yet terminated,) furnished the materials for the foregoing report, accompanied by a certificate of Francis Kernan, Esq., late reporter of the court of appeals, stating the grounds upon which the case was last decided in that court—no written opinions given. Upon this authority (which is considered entirely good) the case is published.—REPORTER.